IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **BILL GOODWIN** | § |
| | § |
| **V.** | §   A-20-CV-785-RP |
| | § |
| **KARA KING, et al.** | § |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE ROBERT PITMAN
      UNITED STATES DISTRICT JUDGE

Before the Court are Goodwin's Motion to Remand (Dkt. No. 3); Defendants' Response (Dkt. No. 6); and Goodwin's Reply (Dkt. No. 9). The District Judge referred the motion to the undersigned for report and recommendation pursuant to 28 U.S.C. §636(b)(1)(B), FED. R. CIV. P. 72, and Rule 1(d) of Appendix C of the Local Court Rules.

**I. GENERAL BACKGROUND**

Plaintiff Bill Goodwin was re-elected to the City Council for the City of Bee Cave, Texas, and sworn in for a two-year term commencing May 12, 2020. Dkt. No. 1-1. On June 17, 2020, Kara King, the Mayor of Bee Cave, and the Bee Cave City Council removed Goodwin from office, alleging he had forfeited his position under the City Charter. Goodwin brought suit in the 353rd District Court for Travis County challenging the vote to remove him from the City Council. Defendants were served with the suit on June 30, 2020, and filed a plea to the jurisdiction on July 14, 2020. On July 17, 2020, Goodwin supplemented his petition, adding a claim under the Texas Constitution, Art. I, § 8 (asserting violations of his right to free speech), and expanding his claim under the Texas Constitution Art. I, § 19 (alleging a due process violation). A few days after that, Goodwin responded to the plea to the jurisdiction and submitted a motion for summary judgment.

A hearing was set for August 11, 2020, on the plea to the jurisdiction, Goodwin's motion for summary judgment and his application for temporary injunction. On July 24, 2020, however, Defendants removed the case to this court, asserting that there is federal question jurisdiction.

In the motion before the Court, Goodwin moves to remand the case, arguing that all his claims are explicitly brought pursuant to the Texas constitution, and he consciously did not plead a federal cause of action. Defendants respond that although Goodwin pleads his claims pursuant to the Texas constitution, his pleadings actually present federal claims under the "artful pleading doctrine" because Goodwin relies on federal caselaw in support of his arguments. This assertion is flatly incorrect, and betrays a fundamental lack of understanding of federal court jurisdiction. Goodwin's Motion to Remand should be granted.

## II. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ). "Only state court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing 28 U.S.C. § 1441(a)). The Court "must presume that a suit lies outside [its] limited jurisdiction. " *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). In a removal action, it is the removing party that "bear[s] the burden of establishing jurisdiction." *Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005). Additionally, "[a]ny ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Manguno v. Prudential Prop. and Cas. Ins.*, 276 F.3d 720, 723 (5th Cir. 2002).

### III. ANALYSIS

As noted, Goodwin's state court pleadings clearly state he raises his claims solely under the Texas constitution. Specifically, Goodwin makes the following claims:

- The effect of the Council's construction is to cause § 3.03(C)(2) to violate Tex. Const. art. I, § 16's prohibition against an ex post facto law and a violation of Goodwin's due process rights under Tex. Const. art. I, § 19.

- Thus, the Council's unforeseeable, unexpected, and indefensible judicial construction of § 3.03(C)(2) on June 17, 2020 is barred by Tex. Const. art. I, §§ 16 and 19 from being applied retroactively to any of Goodwin's action [sic] prior to June 17, 2020.

- To the extent the City or Council Members claim that any grounds existed for Goodwin's removal other than the March 21st email, Goodwin pleads that the removal procedures violated his right to due process under Tex. Const. art. I, § 19.

- [T]he Council's action to remove him from office because of an email he sent, as acting Mayor of Bee Cave, to the City Manager implicates Goodwin's right of free speech and due process under Tex. Const. art. 1, §§ 8 and 19.

Dkt. No. 1-1 at ¶¶ 15, 15b, 20a and Dkt. No. 6-1 at 1. Nowhere does Goodwin cite 42 U.S.C. § 1983, the sole vehicle through which a party may pursue a claim in federal court under the U.S. Constitution. What Goodwin does do, however, is rely on federal case law to support his Texas constitutional claims, as Texas courts often look to federal law interpreting the federal Constitution in considering the Texas constitution's analogous provisions. Based solely on these citations, Defendants argue that, although styled as a suit brought pursuant to the Texas constitution, Goodwin's suit actually raises claims under the U.S. Constitution. That argument is baseless.

First, with regard to Defendants' claim that Goodwin's reliance on federal cases law in support of his state law claims renders those claims federal, this is an inaccurate statement of the law. Twenty-five years ago the Fifth Circuit considered a case brought by a school district employee in Texas court alleging a violation of his free-speech rights under the Texas constitution. Rejecting the

3

argument the Defendants make here, the circuit court explained that Texas courts' "reliance on the rules and reasoning of federal constitutional case law and scholarship in no way diminishes the independence of the state right." *Carpenter v. Wichita Falls Independent School Dist.*, 44 F.3d 362, 368 (5th Cir. 1995), *abrogated on other grounds by Rivet v. Regions Bank of La.*, 522 U.S. 470 (1998). And as recently as just a few months ago, a district court in Mississippi also rejected the Defendants' argument, stating that "[a]lthough [Mississippi courts] often cite federal constitutional decisions when interpreting Mississippi's free speech clause, this does not necessarily raise a federal issue." *Beavers v. City of Jackson*, 439 F. Supp. 3d 824, 829 (S.D. Miss. 2020). Goodwin's state constitutional claims reference only the Texas constitution. Simply because he cited to federal constitutional cases to support his arguments does not make the claims federal.

Second, the Defendants rely on the "artful pleading doctrine" to argue that Goodwin's Texas constitutional claims necessarily raise a federal question, and he should not be permitted to "artfully plead" his way around that issue. The artful pleading doctrine is a subset of the well-pleaded complaint rule, which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar,* 482 U.S. at 392. The well-pleaded complaint rule provides that a court should determine jurisdiction solely on the basis of the plaintiff's complaint; it makes the plaintiff the master of his claim and he may therefore avoid federal jurisdiction by pleading exclusively under state law. *Id.* In narrow circumstances, however, the well-pleaded complaint rule is limited by the artful pleading doctrine, which states that "a plaintiff may not defeat removal by omitting to plead *necessary* federal questions." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 22 (1983) (emphasis added). If a court concludes that the claim raised by the plaintiff, notwithstanding his "artful pleading," necessarily

4

raises a federal question, then under the doctrine federal question jurisdiction exists. *See, e.g., Terrebonne Homecare, Inc. v. SMA Health Plan, Inc.*, 271 F.3d 186, 188 (5th Cir.2001); *Waste Control Specialists, LLC v. Envirocare of Texas, Inc.*, 199 F.3d 781, 783 (5th Cir.2000).

In support of their artful pleading argument, Defendants rely on *Dardeau v. W. Orange-Grove Consol. Indep. Sch. Dist.*, 43 F. Supp. 2d 722, 728 (E.D. Tex. 1999), which in turn cites to 14B C. WRIGHT, A. MILLER & E. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3722 (1998). The case, however, does support the Defendants' argument. Instead, in *Dardeau*, the Court upheld a magistrate judge's finding that the "artful pleading doctrine" did not convert a state claim into a federal claim. It found that doctrine only applicable where the defendant shows that a plaintiff has no legitimate or viable state law claim. *See Dardeau,* 43 F. Supp. 2d at 731(citing *Carpenter*, 44 F.3d at 365). Additionally, the Fifth Circuit has stated:

> *Carpenter* specifically noted that the artful pleading doctrine is a "narrow exception," to the well-pleaded complaint rule, and that "[t]he Supreme Court has required that the preemption be complete." Finally, *Carpenter* observed that "the Supreme Court has clearly sanctioned the [artful pleading] rule only in the area of federal labor relations and the Employee Retirement Income Security Act of 1974.

*Waste Control Specialists, LLC v. Envirocare of Texas, Inc.*, 199 F.3d 781, 784 (5th Cir.), opinion withdrawn and superseded in part on reh'g, 207 F.3d 225 (5th Cir. 2000) (internal citations omitted).

In this case, Goodwin only brings claims under the Texas constitution. Defendants do not argue that these claims are not viable, and that the only viable claims he has are federal. The "artful pleading doctrine" is inapplicable. Goodwin's well-pleaded complaint states only Texas state law causes of action, which Goodwin is entitled to pursue in state court. *Hoskins v. Bekins Van Lines*, 343 F.3d 769, 772-73 (5th Cir. 2003). There is no federal question jurisdiction present and this case should be remanded. Indeed, there was never a valid basis for its removal.

## IV. RECOMMENDATION

The undersigned **RECOMMENDS** that Plaintiff Goodwin's Motion to Remand (Dkt. No. 3) be **GRANTED** and this case be **REMANDED** to the 353rd District Court of Travis County, and that all other motions be **DENIED AS MOOT**. The Clerk is directed to **REMOVE** this case from the undersigned's docket and return it to the docket of the Honorable Robert Pitman.

## V. WARNINGS

The parties may file objections to this Report and Recommendation. A party objecting must specifically identify the findings or recommendations to which he objects. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A failure to file written objections to the proposed findings and recommendations within fourteen (14) days after service shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 18th of August, 2020.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE